## HELEN A. ELLIOTT, Respondent, *v.* ANN BARRY, Appellant.

*Civil damage act — a wife who aids the husband to procure liquor and consents to his intoxication cannot recover for damages thereby occasioned to her.*

Appeal from a judgment in favor of the plaintiff, entered upon a verdict of the Steuben County Court, and from an order denying a motion for a new trial made upon the minutes of the judge before whom the action was tried.

This action was brought under the civil damage act to recover damages which the plaintiff claims to have sustained in her means of support by reason of the sale of intoxicating liquors to her husband by the defendant. The sale is alleged to have taken place in the Globe Hotel in the village of Corning.

It is contended on the part of the defendant that she is not the person that was engaged in keeping the hotel or in the sale of strong and spirituous liquors therein, and that the verdict of the jury finding that she was the person is not warranted by the evidence.

The General Term, after holding that the court had erred in a portion of its charge, said: "Again, the defendant requested the court to charge the jury that if the plaintiff contributed to the intoxication of her husband by consenting to the use by him of intoxicating liquor, and aiding him in procuring it or furnishing it to him, the plaintiff is not entitled to recover for injuries sustained by her in her means of support by and in consequence of such intoxication. This the court refused to charge, and the defendant by her counsel

excepted. This, we are also of the opinion, was error. Evidence was given on the part of the defense tending to show that the plaintiff had on different occasions purchased beer and other liquors for and in company with her husband. It is true that this was controverted by the plaintiff, but it became a question of fact for the jury and it can hardly be claimed that the plaintiff would be entitled to recover damages for the intoxication of her husband produced from liquor which she herself had procured and furnished to him.

"We are of the opinion that the judgment and order should be reversed and a new trial ordered in the Steuben County Court, and that the costs should abide the event."

*A. S. Kendall,* for the appellant.

*Francis A. Williams,* for the respondent.

Opinion by HAIGHT, J.; SMITH, P. J., and BARKER, J., concurred; BRADLEY, J., not sitting.

Judgment and order reversed and new trial ordered in the Steuben County Court, costs to abide the event.